# United States District Court

## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
| v. | CASE NUMBER: 10-MJ-01071-mEH |
| SHANE LEE ALLEN | |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### COUNT ONE

From in or about and between January, 2009 and July 22, 2009, in the State and District of Colorado and elsewhere, the defendant, SHANE LEE ALLEN, being a person who traveled in interstate commerce and a person required to register under the Sex Offender Registration and Notification Act, did knowingly fail to register and update his registration as required by the Sex Offender Registration and Notification Act, all in violation of Title 18, United States Code, Section 2250.

### COUNT TWO

From in or about and between September, 2009 and December 5, 2009, in the State and District of Colorado and elsewhere, the defendant, SHANE LEE ALLEN, being a person who traveled in interstate commerce and a person required to register under the Sex Offender Registration and Notification Act, did knowingly fail to register and update his registration as required by the Sex Offender Registration and Notification Act, all in violation of Title 18, United States Code, Section 2250.

I further state that I am a Deputy Marshal with the United States Marshals Service and that this complaint is based on the following facts: see Affidavit attached hereto and herein incorporated by reference.

_____
Signature of Complainant

Sworn to before me, and subscribed in my presence

4/13/2010                                    at      Denver, Colorado
_____                                         _____
Date                                                 City and State

_____                       _____
UNITED STATES MAGISTRATE JUDGE                        Signature of Judicial Officer
Name and Title of Judicial Officer

Michael E. Hegarty
United States Magistrate Judge
Denver, Colorado

# AFFIDAVIT

I, Lloyd B. Clark, being duly sworn depose and state that the following is true to the best of my information, knowledge and belief:

1. Your affiant is a Deputy United States Marshal currently assigned to the Denver District Office. Your affiant has been a Deputy United States Marshal ("DUSM") for approximately ten years. Your affiant's duties include investigating violations of Title 18, United States Code, Section 2250, Failure to Register as a Sex Offender.

2. On February 9, 2010, information was received from Deputy United States Marshal Chuck Pesta, the Sexual Offender Investigative Coordinator for the District of Montana, concerning a sex offender, Shane Lee ALLEN, DOB 04/27/1970. According to Pesta, ALLEN was in custody in Montrose County Colorado on a warrant for Failure to Appear arising out of a state case in that county. A state arrest warrant had also issued for ALLEN on September 3, 2009 for failure to register as a sex offender in Park County, Colorado due to ALLEN's failure to register in Park County, Colorado in March, 2009. An investigation had already been initiated by DUSM Pesta in the District of Montana concerning failure to register as a sex offender charges when Pesta found out that ALLEN was in custody in Colorado.

3. Investigative efforts revealed that ALLEN was originally convicted in the Third Judicial District Court of the County of Dona Ana in the State of New Mexico on February 22, 1991 of Attempted Criminal Sexual Penetration (second degree felony), case #CR-90-260 count #1, and Criminal Sexual Contact of a Minor (third degree felony), count #2 in #CR-90-260. ALLEN was sentenced to 9 years of incarceration in count one and three years of incarceration in count two. The sentence was suspended and ALLEN was placed on probation for five years. On September

1

20th, 1991, ALLEN'S probation was revoked for violating the conditions of his probation and he was ordered to serve the full term of his original sentence. Based upon my training and experience, these convictions require ALLEN to register as a sex offender.

4. In addition to the original sex offenses that require ALLEN to register as a sex offender, ALLEN has convictions in Montrose, Colorado on May 1, 2002 for Sexual Assault, 10 year age difference, in case #CR 18-3-402(1)(e) count 3, and Theft $200-$10,000, CR 18-4-401, count 1. For this conviction ALLEN was sentenced to 3 years in prison for count 1, and 2 years for count 3, these sentences were to be served concurrently. ALLEN was also convicted in Madison County Montana on September 30, 2009 for Failure to Register as a Sex Offender, case #DC-29-2009-16. ALLEN was sentenced to 3 years in prison, all of which was deferred.

5. Working in conjunction with the Madison County Montana Sheriff's Department, the following time line was constructed for ALLEN and his activities.

6. On 09/23/2008 ALLEN registered as a sex offender in Park County Colorado and listed his address as 361 Old Kathleen Ranch Trail, Guffey, CO, 80820. On 12/23/2008 ALLEN updated his quarterly registration as a sex offender in Park County. On 03/23/2009 ALLEN failed to report for his required quarterly sex offender registration in Park County. Investigators attempted to locate ALLEN and it was found that he had moved from his previous address in Guffey Colorado and did not de-register as required in his notice to register as a sex offender; consequently, a warrant for his arrest was issued on 9/3/2009 in Park County Colorado for Failure to Register as a Sex Offender. In April of 2009 the Madison County Montana Sheriff's Department received information that ALLEN had arrived in Madison County, Montana. On July 21, 2009, the Park County Sheriffs Office received a call from the Madison County Sheriff's

2

Office in Montana to inform them that ALLEN was believed to be residing in their county and requested any sex offender information that Park County had from his previous registrations in Park County Colorado (ALLEN'S last known sex registration). On 07/22/2009 ALLEN was arrested on case #DC-29-2009-16 in Madison County, Montana on the Madison County warrant for Failure to Register as a Sexual Offender and was placed in the Beaverhead County Jail, Montana.

7. On 07/30/2009 ALLEN was released on bond from the Beaverhead County Jail, Montana. On 08/03/2009 ALLEN registered with the Montana Department of Justice at the Madison County Sheriff's Department as a sexual offender. ALLEN listed his primary physical address as 24 Fly Fisher Lane, Alder, Montana 59710, with a phone number of (970) 690-9103. ALLEN reported his primary mailing address to be the Broken Arrow Lodge, 24 Fly Fisher Lane, Alder, Montana 49710, with a phone number of (406)842-5437. On 09/04/2009, ALLEN was sentenced in Madison County, Montana for his 07/22/2009 arrest, Failure to Register as a Sex Offender and sentenced to time served as well as a deferred sentence. ALLEN told the judge at this hearing that he was leaving for Colorado on that same day. The judge told him to register immediately upon arrival in Colorado. ALLEN did not de-register upon leaving Montana after having been instructed to do so by the Judge. Witnesses state that ALLEN was in the State of Montana between 8/09/2009-8/16/2009 and 9/01/2009-9/21/2009. Witness statements have ALLEN leaving the State of Montana and headed to Colorado on or about 9/21/2009.

8. On 12/05/2009, the Grand Junction Police Department received an anonymous tip that ALLEN was living at 669 Chama Lane, Grand Junction Colorado with his girlfriend Jennifer Farley.

9. On 12/05/2009 Officer Heath Langevin of the Grand Junction Police Department knocked on the door of 669 Chama Lane and was greeted by a female later identified as Jennifer Farley. Farley stated that Shane ALLEN was not there and he did not live there. Langevin left the residence and set up surveillance down the street. Approximately 9 minutes later, Langevin observed a Ford Bronco, similar to the vehicle Shane ALLEN was believed to be driving, exit from Chama Lane (a dead end street) and proceed north on 25 ½ street. The vehicle was pulled over and Shane ALLEN was identified as the driver and subsequently arrested on his two outstanding warrants. Following the arrest, Langevin asked ALLEN if he wanted his vehicle towed or if he wished to have someone pick it up. ALLEN asked if Ms. Farley could pick it up. Officer Langevin stated that this was fine and asked what her phone number was. ALLEN had Officer Langevin use his cell phone to look it up and ALLEN stated to look at the number identified as the "home" number on his cell phone and confirmed that this was Jennifer Farley's number.

10. On Thursday March 18, 2010 Officer Heath Langevin of the Grand Junction Police Department contacted this office and advised that he had conducted numerous interviews with the neighbors at 669 Chama Lane and found three separate people that said they knew that Shane ALLEN had lived at 669 Chama Lane with Jennifer Farley since approximately September of 2009 up until his arrest in the first week of December 2009. While conducting the interviews with the neighbors of 669 Chama Lane, Officer Langevin observed a blue 1990 Ford Bronco, Colorado license plate EFI3275 that is registered to Shane L. Allen still parked in the garage of 669 Chama Lane, Grand Junction, CO.

11. ALLEN failed to de-register in Colorado when he traveled to Montana sometime after

December 23, 2008. ALLEN did not register in Colorado upon his return to Colorado sometime in September, 2009. He failed to register while he resided in Colorado between September, 2009 and his arrest in December, 2009.

9. Based upon the above information, your affiant believes that there is probable cause to to believe that Shane ALLEN is in violation of 18 U.S.C. 2250, Failure to Register as a Sex Offender in the District of Colorado.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April, 13, 2010

_____
Lloyd B. Clark
Deputy United States Marshal
U.S. Marshals Service

Subscribed and sworn before me this \_\_\_13th\_\_\_ day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

5