IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 10-cr-00210-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. SHANE LEE ALLEN,

    Defendant.

## PLEA AGREEMENT AND STATEMENT OF FACTS RELEVANT TO SENTENCING

The United States of America, by and through Judith A. Smith, Assistant United States Attorney, and defendant, SHANE LEE ALLEN, personally and through counsel, Michele L. Devlin, submit the following Plea Agreement and Statement of Facts Relevant to Sentencing pursuant to Fed. R. Crim. P. 11(c)(1)(B) and D.C.COLO.LCrR 11.1.

## I. PLEA AGREEMENT

### A. Defendant's Obligations:

The defendant agrees to plead guilty to Count Two of the Indictment, which charges a violation of 18 U.S.C. § 2250(a)(1), (2)(B) and (3), Failure to Register as a Sex Offender.

**B. Government's Obligations:** In exchange, the government will dismiss

Court's Exhibit 1

Count One of the Indictment. If the defendant engages in no conduct that otherwise implicates § 3C1.1, the government agrees that a 3 point reduction in the offense level for acceptance of responsibility is appropriate and agrees to make the appropriate motion at sentencing.

## II. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 2250(a)(1), (2)(B) and (3) are 2252A(a)(5)(B) is not more than 10 years imprisonment, not more than $250,000 fine, or both, and a term of supervised release of not less than 5 years and up to a term of life. Defendant will also be required to pay a $100 special assessment fee.

The conviction may cause the loss of civil rights, including but not limited to the right to possess firearms, vote, hold elected office, and to serve on a jury. If the defendant is not a United States citizen, this conviction will result in the defendant's removal from the United States once he has completed any sentence of imprisonment. The defendant has been advised and he understands that under the Sex Offender Registration and Notification Act, a federal law, and pursuant to 18 U.S.C. § 3585(d), upon his release from prison and as a condition of his supervised release, if any, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands he must register as a sex offender and must keep the registration current with the state sex offender registration agency in each of the following jurisdictions: where he was convicted, where he resides, where he is employed, and where he is a student. The

defendant understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for violations of applicable state law or 18 U.S.C. § 2250. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

A violation of the conditions of probation or supervised release may result in a separate prison sentence. If a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant commits any criminal offense under Chapter 109A, 110, or 117, or Title 18, U.S.C., Sections 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to not less than 5 years and up to the maximum term of imprisonment for the offense, as set forth above.

## III. STATUTORY ELEMENTS

The essential elements of the crime of Failure to Register as a Sex Offender, 18 U.S.C. § 2250(a)(1), (2)(B) and (3) are:

1. Defendant was a sex offender as defined under the Sex Offender Registration and Notification Act (hereinafter "SORNA") and, therefore, required to register under SORNA;

2. Defendant traveled in interstate commerce; and

3. Defendant knowingly failed to register or update a registration as required by SORNA.

## IV. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction. Pertinent facts are set out below in order to provide a factual basis of the plea and to provide facts which the parties believe are relevant, pursuant to § 1B1.3, for computing the appropriate guideline range. To the extent the parties disagree about the facts relevant to sentencing, the statement of facts identifies which facts are known to be in dispute at the time of the plea. § 6B1.4(b).

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to the guideline computation (§ 1B1.3) or to sentencing in general (U.S.S.G. § 1B1.4; 18 U.S.C. § 3553(a)). In "determining the factual basis for the

sentence, the Court will consider the stipulation of the parties, together with the results of the presentence investigation, and any other relevant information." §6B1.4 Comm.

The parties agree that the government's evidence would be:

On October 29, 1990 in New Mexico, the defendant pleaded guilty to Attempted Criminal Sexual Penetration in violation of N.M. Stat. § 30-9-11 (a second degree felony), and Criminal Sexual Contact of a Minor, in violation of N.M. Stat. § 30-9-13 (a third degree felony). The defendant was adjudged guilty and was sentenced for these crimes on February 18, 1991. Further, after pleading guilty, the defendant was convicted in Colorado on March 25, 2002 of Sex Assault-10-year age difference (a class one misdemeanor). As a result of these convictions, the defendant is a sex offender under SORNA, and is required to register as a sex offender under SORNA. The defendant is also a Tier III offender as defined in 42 U.S.C. § 16911, and section 2A3.5(a)(1) of the Sentencing Guidelines.

On September 23, 2008, the defendant registered as a sex offender in Park County, Colorado, and updated that registration as required on December 23, 2008. Defendant failed to appear in person to update his registration on March 23, 2009 as required. On July 22, 2009, the defendant was arrested in Madison County, Montana for state charges of failure to register as a sex offender. The defendant was released on bond, and registered as a sex offender in Madison County, Montana listing his primary residence as 24 Fly Fisher Lane, Alder, Montana 49710. The defendant was sentenced on September 4, 2009, and during that hearing, the defendant stated that he would be leaving for Colorado; the judge advised him to register as a sex offender upon

his arrival in Colorado.

In late September, 2009, the defendant moved from Montana to Colorado, and resided at 669 Chama Lane in Grand Junction, Colorado. On December 5, 2009, the defendant was arrested while leaving his residence on Chama Lane. Several witnesses who lived in the area surrounding defendant's residence on Chama Lane reported that the defendant lived regularly at that address beginning in September, 2009, until his arrest in December, 2009. The defendant did not register as a sex offender in Colorado as required when he arrived in Colorado in September, 2009, or anytime thereafter.

## V. SENTENCING COMPUTATION

The parties stipulate that sentencing in this case will be determined by both the application of the advisory sentencing guidelines, which are issued pursuant to Title 28, United States Code, Section 994(1), and the remaining sentencing factors in Title 18, United States Code, Section 3553(a). The parties acknowledge that the sentencing guidelines are advisory and one of the factors the Court must consider in imposing sentence. The defendant agrees and consents that facts that determine the offense level will be found by the Court, by a preponderance of the evidence, and that the Court may consider and use any reliable evidence, including hearsay and the facts outlined in the Presentence Report. The parties further agree that the stipulation of facts in this plea agreement will also be used by the Court in determining the sentencing guideline range.

The parties provide the following estimated guideline range for the Court's

consideration pursuant to 18 U.S.C. § 3553(a)(4); the range and calculation of that guideline range is an estimate only, and the government is not bound if the probation department determines that a different guideline range applies. Any estimation by the parties regarding the appropriate advisory guideline application does not preclude either party from asking the Court to depart from the otherwise appropriate guideline range at sentencing, if that party believes that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the sentencing guidelines. § 5K2.0. Furthermore, the estimated advisory guideline range does not prevent the parties from asking the Court to impose a higher or lower sentence based upon the factors in 18 U.S.C. § 3553(a).

The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any advisory guideline range computed, and that the Court is not bound by any position of the parties. § 6B1.4(d). The Court is free, pursuant to §§ 6A1.3 and 6B1.4, to reach its own findings of facts and sentencing factors considering the parties' stipulations, the presentence investigation, and any other relevant information. § 6B1.4 Comm.; § 1B1.4.

To the extent the parties disagree about the estimated guideline sentencing factors, the computations below identify the factors which are in dispute. § 6B1.4(b).

**Offense Level**: The base guideline is § 2A3.5

A. The base offense level for this offense is **16** because the defendant was required to register as a Tier III offender. § 2A3.5(a)(1).

B. Defendant should receive a decrease in the offense level by **-2** based upon his

acceptance of responsibility. § 3E1.1(a). Defendant should also receive a decrease in the offense level by −1 for timely notifying the government. § 3E1.1(b).

C. The adjusted offense level is **13**.

### Criminal History Category

D. The parties acknowledge and agree that the estimation regarding Defendant's criminal history is tentative. Defendant acknowledges that the criminal history will be further investigated by the United States Probation Department and ultimately determined by the Court. Defendant further acknowledges that any additional facts regarding the criminal history can greatly affect the final guideline range and result in a longer term of imprisonment. Based upon the facts known at this time regarding Defendant's criminal history, the parties believe that Defendant falls within Criminal History Category ("CHC") **V**. § 4A1.1.

E. The career offender and repeat and dangerous sex offender adjustments tentatively do not apply. § 4B1.1; § 4B1.5.

### Guideline Ranges

F. The guideline range resulting from the estimated offense level of 13 and the estimated criminal history category of V is **30 to 37** months. However, the advisory imprisonment range could be from 12 months (bottom of CHC I) to 41 months (top of CHC VI).

G. Pursuant to § 5E1.2, assuming the estimated offense level of 13, the fine range for this offense would be $3,000 to $30,000, plus applicable interest and penalties.

H. Pursuant to 18 U.S.C. § 3583(k), and § 5D1.2(b)(2), if the Court imposes the term of supervised release, that term shall be at least 5 years but not more than life.

## VI. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

The parties believe the advisory sentencing range resulting from the proposed

8

plea agreement is appropriately calculated because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent guidelines sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement. There are no other promises, agreements, side agreements, terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 6-4-10

SHANE LEE ALLEN
Defendant

Date: 6/4/10

Michele L. Devlin
Attorney for Defendant

Date: 7/5/10

Judith A. Smith
Assistant U.S. Attorney