**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. **10-cr-00210-REB**

UNITED STATE OF AMERICA,

    Plaintiff.

v.

**SHANE LEE ALLEN**
    Defendant.

---

## PRESENTENCE MEMORANDUM

---

Shane Allen, by and through counsel, hereby respectfully submits this presentence memorandum in anticipation of his sentencing on November 5, 2010.

### 1. Proposed sentence

Mr. Allen proposes a sentence to the low end of the guideline, thirty three (33) months, which he believes is "sufficient, but not greater than necessary," to meet the purposes of sentencing pursuant to 18 U.S.C. § 3553 (a)(2).

### 2. Factors to be considered in imposing sentence, 18 U.S.C. § 3553.

#### a. The nature and circumstances of the offense and history and characteristics of the defendant; 18 U.S.C. §3553 (a)(1).

Mr. Allen has plead guilty to failing to register as a sex offender, a non violent offense. He has been required to register as a sex offender since his first case in 1990, the majority of his adult life. Although Mr. Allen has numerous other criminal convictions, while at liberty he has substantially maintained his registration requirements; a difficult task when one lives a nomadic lifestyle.

Mr. Allen fully appreciates the need for sex offender registration and understands the importance of his future compliance, as this is a requirement that will always be present. He further recognizes the significance of actively working with his supervised release officer in determining locales for registration and time constraints.

Some may say that Mr. Allen is institutionalized based upon his criminal history and lengths of stay in respective departments of corrections, however, he believes that he can and will be a successful member of the community, complying with all his requirements and all laws with the proper foundation. It is difficult for any person, convicted of a felony, much less a sex offense, to sustain employment and a residence. With the proper groundwork and support, Mr. Allen will be able to alter his nomadic lifestyle and remain in a community that supports him.

> **b. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 18 U.S.C. §3553 (a)(2)(A) and the kinds of sentences available; 18 U.S.C. §3553 (a)(3)**

The punishment available to the Court is incarceration, however, the extent of such need not encompass the high end of the guideline. The community has a right to know where convicted sex offenders reside and work and Mr. Allen did violate the law. He has accepted responsibility for his actions and wants to move forward in an effort to become a contributing member of society once again.

> **c. The need for the sentence to afford adequate deterrence to criminal conduct; 18 U.S.C. §3553 (a)(2)(B) and the need for the sentence to**

> **protect the public from further crimes of the defendant; 18 U.S.C. §3553 (a)(2)(C).**

Mr. Allen has a substantial criminal history since he turned the age of majority; at first blush it appears that incarceration does not serve as a deterrent. The unfortunate truth about a sex offender being reintegrated into community is the stigma that has attached. This stigma has aided in having many adverse affects on Mr. Allen's life; from new cases to probation/parole revocations. With the proper life and coping skills to adjust to a community that always has him under the microscope, Mr. Allen can flourish.

> **d. The need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; 18 U.S.C. §3553 (a)(2)(D).**

Mr. Allen has an admitted substance abuse problem in which he has requested assistance and treatment. He would like to be considered for placement at a facility that maintains a residential drug treatment program or one that provides treatment alternatives.

Mr. Allen graduated from high school and has a vocation that he is trained in and enjoys; outfitting. He may benefit from education in life skills that teach him how to cope with the stigma of being a sex offender.

**3. Objections/Corrections to the Presentence Investigation Report (PSR)**

Although the objections/corrections to the PSR do not have bearing on his criminal history computation, Mr. Allen would like to clarify the following:

> **a. Face Page, Release Status and Page 11, Paragraph 42**

Mr. Allen asserts that the sentence out of Montrose County, 2007M768, imposed

on December 22, 2009, was for six months jail with 120 days suspended and credit for time served of 17 days.  Thus, making his sentence 60 days minus the 17 days credit. (*See* Attachment A – Sentencing Order from Montrose County).

Mr. Allen is fully aware that this does not impact his criminal history points, however, wants to ensure that the Bureau of Prisons has the correct information for determining his presentence confinement time pursuant to 18 U.S.C. § 3585.

### b. Page 3, Paragraph 3

Mr. Allen asserts that when he was found fighting with another inmate and given five days lock down that he was protecting himself from the other inmate and acting in self defense.

### c. Page 8, Paragraph 31

The PSR states that Mr. Allen was represented by counsel, however, he does not remember physically meeting with counsel or attending court with counsel.  He asserts that he plead guilty via telephone from the Reception Center in Grant, New Mexico.  The defense has tried on several occasions to obtain information on when Mr. Allen was taken to their reception station in 1991, when he was transferred to prison, and whether there is documentation that he was ever removed from the reception station to court; to no avail.  The documents are pre – 2000 and have been requested from archives.

### d. Page 10, Paragraph 41 and Page 16, Paragraph 65

Mr. Allen does not deny that he refused to participate in sex offender treatment during his incarceration; he did so in an effort to maintain his safety in general population.  Attending sex offender treatment is a beacon to the other inmates and Mr.

Allen is hyper vigilant about maintaining his safety. He further asserts that he attended sex offender treatment while on parole.

### e. Page 11, Paragraph 44

Mr. Allen agrees that he was convicted of third degree assault, however, he asserts that the victim had spit in his face prior to Mr. Allen striking him.

### f. Page 13, Paragraph 55

Although the PSR indicates that Mr. Allen had not had contact with his mother in 12 years, Mr. Allen asserts that he had not had contact with his mother for 12 years prior to a short visit when his stepfather was ill in 2009.

### g. Page 15, Paragraph 60

Mr. Allen asserts that he had several parole officers in Case Number 2002CR5 and the parole officer that would know about the paternity paperwork was Tasha Dobbs. Undersigned has left several messages with Ms. Dobbs for a return call and as of the date of this filing has received no response.

4. **Conclusion**

Mr. Allen, a 40 year old, comes before the Court for sentencing for failure to register as a sex offender. He has dealt with many obstacles in his life; including physical and verbal abuse by his father while growing up, being placed in the foster care system, and adjusting to the stigma and safety risk of being a convicted sex offender. Since his first conviction for a sexual offense, Mr. Allen has been hyper vigilant in maintaining his safety from other inmates and the community at large. He has had to modify his way of life to account for the stigma that follows him every day and has turned to a nomadic lifestyle, while not incarcerated.

Mr. Allen requires the coping and life skills necessary to reintegrate himself into a community that will not hire him, do not want him living next to them, and want to avoid him at all costs.  Perhaps a criminal thinking or life skills course, while incarcerated, will assist in this adjustment.

Mr. Allen is submitting one letter of reference from Bill Allen.  (*See* Attachment B).

He is respectfully requesting the Court make a recommendation to the Bureau of Prisons for his placement closer to his family in Colorado; for example, Englewood low, as he is fully aware that he does not qualify for a camp.

Mr. Allen is requesting that the Court sentence him to thirty three (33) months of incarceration and asserts that this is just punishment for the non violent crime he committed which is "sufficient, but not greater than necessary," to accomplish the goals of sentencing.

DATED at Grand Junction, Colorado this 29th day of October, 2010.

PETERS, NOLAN & DEVLIN, LLC.

By  /s/ Michele Devlin
  Michele L. Devlin (No. 36429)
  Attorney for Defendant
  851 Grand Avenue
  Grand Junction, CO 81501
  (970) 241-0101 (970) 255-6660 Fax
  micheleldevlin@qwestoffice.net

# ATTACHMENT A

```
10/08/2010 FRI 10:59  FAX 970 252 4309 MONTROSE COMBINED COURTS                    ☒003/007
```

```
                                                          RID·C0432007M 000768-000036
County Court, Montrose County, State of Colorado              MITTIMUS
Case#:C0432007M 000768    L_v/Room: D
JUDGMENT OF CONVICTION, SENTENCE  Amended
              The People of Colorado vs ALLEN, SHANE LEE
                                            DOB  4/27/1970  SID 863424
     AKA: ALLEN, SHANE L
```
---
```
The Defendant was sentenced on: 12/22/2009 Sentenced Modified on:12/22/2009
People represented by...: BECKENHAUER, KURT
Defendant represented by: AMOS, JOSH
UPON DEFENDANT'S CONVICTION this date of:  5/13/2008
The defendant pled guilty to:
Count #    1 Charge: Assault 3-Know/Reckless cause injury
C.R.S # 18-3-204                              Class: M1
Date of offense(s): 10/04/2007 to 10/04/2007  Date of plea(s):   5/13/2008
```
---
```
IT IS THE JUDGMENT/SENTENCE OF THIS COURT that the defendant be sentenced to
Probation                  1.00 YEARS    REVOKED            COUNT      1
Jail                       6.00 MONTHS                      COUNT      1
Jail                     120.00 DAYS     SUSPENDED IMPOSI   COUNT      1
Credit for Time Served    17.00 DAYS                        COUNT      1
*WORK RELEASE APPROVED
*JAIL TERM OF 120 DAYS SUSPENDED FOR 1 YEAR SUBJECT TO NO VIOLATIONS OF ANY
LAW                                                                 /TKM
STAY OF EXECUTION GRANTED TO: 12/22/2009 @ 9:00 A
WORK RELEASE GRANTED
```
---
```
              Assessed              Balance
         $     867.00         $      467.00
```
---
```
THEREFORE, IT IS ORDERED the Sheriff of Montrose County    shall convey the
DEFENDANT to the following department TO BE RECEIVED AND KEPT ACCORDING TO LAW
MONTROSE COUNTY WORK RELEASE
```
---
```
                          ADDITIONAL REQUIREMENTS
MSO #S07-09352
```
---
```
JUDGMENT OF CONVICTION IS NOW ENTERED, IT IS FURTHER ORDERED OR RECOMMENDED:


DATE  12/22/09   NPT_____    JUDGE/MAGISTRATE  [signature]
                                                     JOHN JOSEPH MITCHEL

                        CERTIFICATE OF SHERIFF
I CERTIFY THAT I EXECUTED THIS ORDER AS DIRECTED
DATE_____              SHERIFF_____
                                        BY DEPUTY_____
```

XG: MSO via email
12/22/09
TKM

```
10/08/2010 FRI 10:59  FAX 970 252 4309 MONTROSE COMBINED COURTS                         ☒004/007
                                                                              RID:C0432007M 000768-000037
```

COUNTY COURT, MONTROSE COUNTY, COLORADO

Court Address:  Montrose County Justice Center, Courts Building
                1200 North Grand Ave, Bin A
                Montrose, CO 81401-3146
Phone Number:   970-252-4300 X17

^ COURT USE ONLY ^

Case Number:  2007M 000768

The People of Colorado
vs
ALLEN, SHANE LEE

Division:  D

### SENTENCE ORDER

Defendant: ALLEN, SHANE LEE                         Date of Birth:  04/27/1970
Count                                                    Class  Plea                Finding
1  18-3-204 - Assault 3-Know/Reckless cause injury       M1     Plea of Guilty      Guilty

**ASSESSED FINES & COSTS**
Count # 1
VAST After 07/01/07(prev VASG)      $78.00
Victim Compensation Fund            $78.00
Court Security Cash Fund            $5.00
Court Costs - T, M, CR              $21.00
Probation REVOKED: 1 Years
Probation Supervision Fee           $600.00
Public Defender Accts Rcvable       $50.00
Jail: 6 Months
Jail SUSPENDED IMPOSITION: 120 Days
Credit for Time Served: 17 Days
TOTAL                               $832.00

Other Conditions of Sentence:
    *WORK RELEASE APPROVED
    *JAIL TERM OF 120 DAYS SUSPENDED FOR 1 YEAR SUBJECT TO NO VIOLATIONS OF ANY
    LAW                                                       /TKM

MITCHEL, JOHN JOSEPH                                          12/22/2009
Judge/Magistrate                                              Date

ALLEN, SHANE LEE                                              12/22/2009
Defendant                                                     Date

*************************************************************NOTICE*********************
Following this hearing you are to present this form to the Clerk's Office for payment. Payment is due by the end
of business on your Court Date. Failure to pay when due will result in additional costs pursuant to HB1198.

XC: NCWC
12/22/09 /TKM

# ATTACHMENT B

To Whom it may Concern,

I'm Bill Allen, Shane's Father. I realize that Shane has had problems in the past. Shane is also a very Likeable and Hard working man. He is very bright in Lots of things he does. Very capable in many things. Since talking to him while he has been in Jail, I feel he has accepted what he did was wrong and is Trying to change for the good. I Think if he was released he would strighten up + behave. From talking to him I see or hear a different tone in his voice. So I recommend a release for time served.

Thank you  Shane's Father

Bill Allen

9-15-10

Atten
Michele