PROB 12
(02/05-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U. S. A. vs. SHANE LEE ALLEN                    Docket Number: 10-cr-00210-REB-01

## Petition for Modification of Conditions of Supervised Release

COMES NOW, Garret Pfalmer, probation officer of the Court, presenting an official report upon the conduct and attitude of Shane Lee Allen who was placed on supervision by the Honorable Robert E. Blackburn sitting in the court at Denver, Colorado, on the 5th day of November, 2010, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.  The defendant shall participate in and successfully complete a program of testing and/or treatment for drug abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2.  The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant will be required to pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

3.  The defendant shall participate in an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer.  The defendant will be required to pay the cost of these evaluations and treatment.  The defendant shall comply with the rules and restrictions specified by the treatment agency.  The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

4.  The defendant shall notify the probation office of all computers and/or other Internet access devices to which the defendant has access.  The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a conditions of supervised release or unlawful conduct by the person, and by any probation office in the lawful discharge of the officer's supervision functions.

5.  The defendant shall allow the probation officer to install software/hardware designed to monitor computer activities on any computer the defendant is authorized to use.  The software may record any and all activity on the computer, including the capture of keystrokes, application infor4mation, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer.  The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

PROB 12
(02/05-D/CO)

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:


See attachment herein and hereto incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the modification of the defendant's conditions of supervised release to include the following conditions:

> 6) The defendant shall reside in an approved Residential Reentry Center (RRC) for a period of up to 180 days, to commence at the direction of the Probation Office, and the defendant shall observer the rules of that facility.  The defendant may be discharged earlier by the Probation Office, if the defendant is determined to be in full compliance with the conditions of supervision; and,

> 7) During the defendant's Residential Reentry Center(RRC) stay, he/she shall comply with the rules of the RRC Location Monitoring Program(LMP) which includes passive Global Positioning System(GPS) tracking.  The defendant shall wear all necessary GPS tracking devices and comply with all other LMP rules/procedures specified by the RRC.  The RRC reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.

ORDER OF THE COURT


Considered and ordered this 21st day of November, 2012, and ordered filed and made a part of the record in the above case.

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Garret Pfalmer*
_____
Garret Pfalmer
Senior U.S. Probation Officer


s/Philip A. Brimmer
_____
Robert E. Blackburn
    by Philip A. Brimmer
    United States District Judge
U.S. District Judge

Place  Denver, Colorado
:


Date:  November 21, 2012

## ATTACHMENT

On November 24, 2012, the defendant will complete his term of imprisonment with the Bureau of Prisons and be released from Independence House South Federal, Denver, Colorado, the locally contracted Residential Reentry Center (RRC).  The defendant is currently employed, but has found it difficult to establish a personal release residence in the community.  He is actively working toward obtaining such in the near future, but has indicated he is willing to remain at the RRC until such time.

It is noted that until recently, the defendant was thought to have a personal release residence which was a rental apartment he proposed to share with his current girlfriend.  However, upon notifying the property management of his intent to reside in the property, he was advised that due to his sex offender status he would not be permitted to do so.  Since this time, the defendant has sought an alternate address, but he continues to struggle to find a property owner who is willing to rent to a registered sex offender.

Based on the aforementioned, it is believed necessary to modify the defendant's conditions of supervised release to allow him to remain at the RRC.  Ordering such will give the defendant additional time to establish a personal residence, and initiate sex offender specific treatment services.

On November 8, 2012, and November 21, 2012, respectively, the defendant and Assistant Federal Public Defender Virginia Grady executed a form entitled "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision" waiving the defendant's rights to a hearing and agreeing to the proposed modification of the conditions of supervised release.  Further, Assistant U.S. Attorney Judith A. Smith has been advised and has no objection to this proposed modification.